IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARTIN BAILEY, | ) | |
|         Plaintiff, | ) | Case No. 24-CV- |
| | ) | |
| v. | ) | |
| | ) | TRIAL BY JURY DEMANDED |
| JOSEPH D. VECCHIO, Star No. 14469 | ) | |
|  and the CITY OF CHICAGO, a municipal | ) | |
| corporation, | ) | |
|         Defendants. | ) | |

**COMPLAINT**

INTRODUCTION

The law is clearly established: persons who are validly licensed to possess and carry firearms may in fact possess and carry firearms – *even inside the City of Chicago*. That has been the law of the land since the U.S. Supreme Court's ruling in *McDonald v. City of Chicago*, 561 U.S. 742 (2010), which reaffirmed a citizen's right to possess and carry firearms in municipalities. Martin Bailey is a citizen of the United States who is validly licensed to possess and carry a firearm. Like Chicagoan Otis McDonald before him, Martin Bailey made the lawful choice to exercise his Second Amendment right to keep and bear a firearm inside the City of Chicago. And just like Otis McDonald, a Chicago police officer has infringed upon Martin's constitutional right to do so.

In March 2023, Martin was charged with committing the crime of unlawful use of a weapon when, in fact, he had committed no crime. Martin had committed no crime because he was validly licensed to possess and carry a firearm. There was nothing "wrong" with the firearm itself. It was not equipped with a laser scope, silencer or other accessory that is prohibited by any municipal or

county ordinance and/or state statute. It was simply a validly-licensed, perfectly legal firearm that he could lawfully own and possess because he was licensed to do so.

Martin was detained and subsequently subjected to criminal prosecution on the sole charge of unlawfully possessing a firearm -- a charge that Defendant Officer Joseph D. Vecchio knew was demonstrably false when Defendant Vecchio had criminal charges and municipal ordinance violation proceedings initiated against Martin. On the basis of Defendant Vecchio's objectively false allegations that Martin was in unlawful possession of a firearm, Martin had his automobile towed and impounded; his firearm confiscated without it ever being returned; and was subjected to prosecution both in the Cook County criminal court and the administrative courts of the City of Chicago on the false basis that he unlawfully possessed and carried a firearm. Defendant Vecchio did all of this, despite his actual knowledge that Martin was licensed to carry and possess his firearm.

Martin was exonerated in both his criminal and administrative hearing proceedings. Despite being exonerated, the City of Chicago has steadfastly refused to return Martin's lawfully-licensed firearm. The reason for this outcome is simple: 14 years after *McDonald v. City of Chicago* officers of the Chicago Police Department believe that citizens like Martin have no Second Amendment rights that police officers are obliged to respect. Like Chicagoan Otis McDonald before him, Martin has had enough and is filing this lawsuit against Chicago police officer Joseph D. Vecchio to vindicate his rights under the Second Amendment to the United States Constitution.

**JURISDICTION AND VENUE**

1. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §1983, 28 U.S.C. §1331 and §1343(a), the Constitution of the United States, and

supplemental jurisdiction, as provided under 28 U.S.C. §1367(a).

2. Venue is proper in the Northern District of Illinois, Eastern Division, under 28 U.S.C. §1391 because the acts and events giving rise to the complaint occurred in the Northern District of Illinois, Eastern Division and because, upon information and belief, the Defendants reside here.

## PARTIES

3. Plaintiff Martin Bailey is a citizen of the United States. At all times herein mentioned, Martin Bailey was residing in the State of Indiana when Defendant Officer J. Vecchio unlawfully arrested him for unlawful use of a weapon. At all times relevant to this action, Plaintiff Martin Bailey held a validly issued concealed carry license issued by the State of Indiana, permitting him to lawfully possess and carry a firearm.

4. Defendant Joseph D. Vecchio, Star No. 14469, is and was, at all times herein mentioned, a citizen of the United States residing within the jurisdiction of this Court (specifically, the City of Chicago). At all times herein mentioned, Defendant Vecchio was acting under color of state law and within the scope of his employment as a police officer for Defendant City of Chicago. Defendant Vecchio is being sued in his individual capacity.

5. Defendant City of Chicago is and was, at all times mentioned herein, an Illinois municipal corporation organized and existing as such under the laws of the State of Illinois. Defendant City of Chicago is the employer of Defendant Joseph D. Vecchio, Star No. 14469.

## FACTS COMMON TO ALL CLAIMS

**Martin Bailey Was Lawfully Licensed to Possess and Carry a Firearm But Was Arrested for Unlawfully Carrying A Firearm -- A Demonstrably False Allegation Used by Chicago Police Officer Joseph D. Vecchio as a Basis to Create Sham Criminal and Administrative Hearing Charges against Martin Bailey Calculated to Annoy, Harass and Frustrate Martin Bailey from Exercising his Second Amendment Right to Lawfully Bear Arms**

6. On March 3, 2023, Plaintiff Bailey was driving his automobile in the 7800 South Block of Halsted Street, in Chicago, Illinois.

7. On March 3, 2023, Plaintiff Bailey's vehicle was a black 2-door Dodge Challenger, bearing Indiana license plate number NII766.

8. On March 3, 2023, Plaintiff Bailey had a valid driver's license issued by the State of Indiana. That driver's license had been issued on January 31, 2023 – approximately 31 days before March 3, 2023.

9. On March 3, 2023, Defendant Vecchio initiated a traffic stop of Plaintiff's vehicle.

10. During the course of the traffic stop, Defendant Vecchio approached the driver's side window of Plaintiff Bailey's vehicle and, during the course of the stop, asked Plaintiff Bailey to produce his driver's license. Plaintiff Bailey complied with the request, producing his Indiana driver's license that had been issued on January 31, 2023.

11. During the course of the traffic stop, Defendant Vecchio asked Plaintiff Bailey whether Plaintiff had any weapons or firearms inside his vehicle.

12. Plaintiff Bailey truthfully answered the question, telling Defendant Vecchio that Plaintiff Bailey had a firearm in his possession inside the vehicle and that the weapon was properly licensed.

13. At no time, upon learning that Plaintiff Bailey was in possession of a firearm, was Defendant Vecchio in fear for the life and safety of himself or anyone else in the immediate vicinity

due to the fact that Plaintiff Bailey was in possession of a firearm. At no time did Defendant Vecchio draw, point or discharge his firearm in the direction of Plaintiff Bailey.

14. During the course of the traffic stop, Defendant Vecchio instructed Plaintiff Bailey to produce documents that would confirm Plaintiff Bailey's assertion that he was licensed to carry a firearm.

15. Plaintiff Bailey complied with the request by producing his concealed carry license to Defendant Vecchio. The issuance date of the concealed carry license was February 23, 2021 and was scheduled to expire on February 23, 2026.

16. Before, during and after March 3, 2023, Plaintiff Bailey held and has continued to hold a duly authorized "License to Carry Handgun" issued by the State of Indiana.

17. Before, during and after March 3, 2023, Plaintiff Bailey was eligible to be licensed to possess and carry a firearm because Plaintiff Bailey was at least 18 years of age.

18. Before, during and after March 3, 2023, Plaintiff Bailey was eligible to be licensed to possess and carry a firearm because Plaintiff Bailey before turning 18 years of age, was <u>not</u> adjudicated to be a delinquent.

19. Before, during and after March 3, 2023, Plaintiff Bailey was eligible to be licensed to possess and carry a firearm because Plaintiff Bailey had <u>not</u> been convicted of a federal or state felony charge.

20. Before, during and after March 3, 2023, Plaintiff Bailey was eligible to be licensed to possess and carry a firearm because Plaintiff Bailey had <u>not</u> been convicted of felony or misdemeanor domestic battery.

21. Before, during and after March 3, 2023, Plaintiff Bailey was eligible to be licensed to possess and carry a firearm because Plaintiff Bailey had <u>not</u> been convicted of felony or misdemeanor domestic violence.

22. Before, during and after March 3, 2023, Plaintiff Bailey was eligible to be licensed to possess and carry a firearm because Plaintiff Bailey had <u>not</u> been convicted of stalking.

23. Before, during and after March 3, 2023, Plaintiff Bailey was eligible to be licensed to possess and carry a firearm because Plaintiff Bailey was <u>not</u> under criminal indictment.

24. Before, during and after March 3, 2023, Plaintiff Bailey was eligible to be licensed to possess and carry a firearm because Plaintiff Bailey had <u>not</u> been adjudicated to be sex offender.

25. Before, during and after March 3, 2023, Plaintiff Bailey was eligible to be licensed to possess and carry a firearm because Plaintiff Bailey had <u>not</u> been adjudicated to be a mental defective.

26. Before, during and after March 3, 2023, Plaintiff Bailey was eligible to be licensed to possess and carry a firearm because Plaintiff Bailey had <u>not</u> been hospitalized or detained in a mental institution.

27. Before, during and after March 3, 2023, Plaintiff Bailey was eligible to be licensed to possess and carry a firearm because Plaintiff Bailey was <u>not</u> under an active order of protection.

28. Before, during and after March 3, 2023, Plaintiff Bailey was eligible to be licensed to possess and carry a firearm because Plaintiff Bailey did <u>not</u> have a history of minor criminal activity suggesting that he has a propensity for violent or emotionally unstable conduct.

29. Before, during and after March 3, 2023, Plaintiff Bailey was eligible to be licensed to possess and carry a firearm because Plaintiff Bailey was <u>not</u> dishonorably discharged from military service.

30. Before, during and after March 3, 2023, Plaintiff Bailey was eligible to be licensed to possess and carry a firearm because Plaintiff Bailey was <u>not</u> prohibited by federal law to possess or own a firearm.

31. Before, during and after March 3, 2023, Plaintiff Bailey was eligible to be licensed to possess and carry a firearm because Plaintiff Bailey had <u>not</u> renounced his U.S. Citizenship.

32. At no time on March 3, 2023, did Plaintiff Bailey, draw, point or discharge his firearm at Defendant Vecchio or any other person in the immediate vicinity of the traffic stop.

33. At no time on March 3, 2023, was there an outstanding warrant for the arrest of Plaintiff Bailey for the commission of any crime.

34. On March 3, 2023, Plaintiff Bailey's firearm was <u>not</u> equipped with any accessory -- including but not limited to a laser scope or silencer -- prohibited by municipal or county ordinance or state statute.

35. At no time on March 3, 2023, did Plaintiff Bailey threaten Defendant Vecchio with death or physical bodily harm.

36. At no time on March 3, 2023, did Plaintiff Bailey brandish a weapon in the presence of Defendant Officer J, Vecchio.

37. At no time on March 3, 2023, did Plaintiff Bailey point or threaten to point a weapon of any kind at Defendant Vecchio.

38. On March 3, Defendant Vecchio reviewed the concealed carry license that Plaintiff Bailey produced and, upon viewing the document, confirmed that Plaintiff was, in fact, duly licensed to possess and carry a firearm.

39. Despite confirming that Plaintiff Bailey was licensed to possess and carry a firearm, Defendant Vecchio placed Plaintiff Bailey under arrest for unlawfully possessing and carrying a firearm. Defendant Vecchio knew that allegation was demonstrably false because Defendant

Vecchio had actual knowledge that Plaintiff Bailey was, in fact, licensed to possess and carry a firearm.

40. On March 3, 2023, Defendant Vecchio confiscated Martin's properly licensed firearm.

41. At no time on March 3, 2023, was Plaintiff Bailey in possession of contraband, drugs or drug paraphernalia.

42. At no time on March 3, 2023, was Plaintiff Bailey under the influence of any controlled substances or alcohol.

43. Plaintiff Bailey was detained overnight at a police station. Defendant Vecchio initiated criminal charges against Plaintiff Bailey for unlawful possession of a firearm.

44. Plaintiff Bailey's automobile was towed and impounded on the basis of his arrest for unlawful possession of a firearm.

45. At the time that Defendant Vecchio initiated criminal proceedings against Plaintiff Bailey for unlawful possession of a firearm, Defendant Vecchio knew that the charges were false because Defendant Vecchio knew for a fact that Plaintiff Bailey was licensed to possess and carry the firearm that he possessed during the March 3, 2023.

46. Defendant Vecchio also knew that the firearm that he confiscated from Plaintiff Bailey was not in violation of any municipal ordinance or state statute as it was not equipped with any accessory prohibited by ordinance or statute, including but not limited to, a laser scope or silencer.

47. Defendant Vecchio initiated municipal ordinance violation proceedings against Plaintiff Bailey, alleging that Plaintiff Bailey was in unlawful possession of a firearm, despite the fact that Defendant Vecchio knew for a fact that Plaintiff Bailey was duly licensed to possess and carry his firearm on March 3, 2023.

48. Specifically, Defendant Vecchio initiated Notice of Violation No. 2947827, accusing Plaintiff Bailey of violating Chicago Municipal Ordinance Section 8-20-070.

49. Chicago Municipal Ordinance Section 8-20-070 is titled **"Unlawful firearm, laser sight accessory, or firearm silencer or muffler in a motor vehicle – impoundment,"** and provides in relevant part:

> (a) The owner of record of any motor vehicle that contains: (i) a firearm that is carried or possessed in violation of any applicable state or federal law *other than the expiration of a FOID card or concealed carry license of a person who otherwise remains qualified under Illinois law to lawfully possess or carry firearms*; or (ii) an assault weapon; or (iii) a laser sight accessory; or (iv) a firearm silencer or muffler, shall be liable to the City for the administrative penalty of 2,000 plus any towing and storage fees applicable under Section 9-92-080. Any such vehicle shall be subject to seizure and impoundment pursuant to this section.

50. At no time on or after March 3, 2023, did Plaintiff Bailey possess a firearm in violation of federal or state law.

51. At no time on or after March 3, 2023, was Plaintiff Bailey in possession of an "assault weapon," including but not limited to any of the following weapons defined as "assault weapons" according to the Chicago Municipal Code:

> (a) semi-automatic rifle;
>
> (b) a grenade launcher;
>
> (c)  a barrel shroud;
>
> (d) Sawed-off shotgun;
>
> (e) A short barrel rifle;
>
> (f) A .50 caliber rifle;

(g) Any type of an "AK" rifle, including an "AK," AK47, AK47S, AK-74, AKS, MAK90, NHM90;

(h) Any type of "AR" rifle, including an AR-10, AR-15, AR-70 and/or Bushmaster ACR;

(i) Any type of Thompson machine gun (aka "Tommy Gun"), including but not limited to, Thompson M1SB, T1100D, T150D, Thompson T1B, Thompson T1B100D; or

(j) Any form of Uzi Mini Carbine (commonly referred to as an "Uzi sub machine gun"), including but not limited to Uzi Mini Carbine, Uzi Model A Carbine and Uzi Model B Carbine.

52. At no time on or after March 3, 2023, was Plaintiff Bailey in possession of a laser sight accessory that was either attached to his handgun and/or was inside his vehicle.

53. At no time on or after March 3, 2023, was Plaintiff Bailey in possession of a silencer or muffler that was either attached to his handgun and/or was inside his vehicle.

54. As a result of the administrative proceedings initiated under Section 8-20-070 on the basis of the false allegations of Defendant Vecchio concerning Plaintiff's firearm, Plaintiff Bailey's automobile was towed and impounded, causing Plaintiff Bailey to pay $2,250.00 to recover his vehicle.

55. Plaintiff Bailey also had to pay money out of his own pocket to hire a lawyer to defend him in the criminal proceeding in the Circuit Court of Cook County.

56. Plaintiff Bailey was subjected to the frustration, aggravation, anxiety and garden variety emotional distress of having to attend multiple court hearings in both criminal court and the administrative courts to defend his reputation, his liberty and his property rights to both his vehicle which had been impounded and his lawfully licensed handgun which had been taken as a result of Defendant Vecchio's false allegations that Plaintiff Bailey had unlawfully possessed and carried a firearm.

57. In 2023, the Office of the Cook County State's Attorney moved to dismiss the charge against Plaintiff Bailey because, as Defendant Vecchio had already known, Plaintiff Bailey was, in fact, duly licensed to posses and carry the firearm that he was lawfully carrying on March 3, 2023.

58. On June 1, 2023, City of Chicago Administrative Law Judge Yolaine Dauphin issued a finding, decision and order that Plaintiff Bailey had **not** violated Section 8-20-070 (unlawful firearm – vehicle impoundment) finding that Plaintiff Bailey was **not** liable because the City of Chicago had failed to prove by a preponderance of the evidence that Plaintiff Bailey was unlawfully in possession of a firearm. That finding was consistent with the fact that Plaintiff Bailey was, in fact, lawfully licensed to possess and carry a firearm.

59. The lawfully owned firearm of Plaintiff Bailey was unlawfully retained by the Chicago Police Department. Plaintiff Bailey, both during the course of his underlying criminal proceeding and during multiple appearances at Chicago Police Headquarters, has demanded the return of his firearm and his demands have been refused by the Chicago Police Department.

60. On the multiple occasions that Plaintiff Bailey went to police headquarters seeking the return of his lawfully licensed firearm, the police sergeant told Plaintiff that his firearm would not be returned to him despite the fact that he remained lawfully licensed to possess and carry a firearm.

**COUNT I**
**42 U.S.C. §1983 – Fourth Amendment Malicious Prosecution (*Thompson v. Clark* and *Amos v. City of Chicago*)**
Against Defendant Joseph D. Vecchio, Star No. 14469 – for the charge of unlawful possession of a firearm by Plaintiff Martin Bailey in the Circuit Court of Cook County

61. Each of the foregoing paragraphs are incorporated as if restated fully herein.

62. The injury of federal malicious prosecution can occur when "the legal process itself goes wrong – when, for example, a judge's probable cause determination is predicated solely on a police officer's false statements." *Amos v. City of Chicago*, Case No. 22 C 1564, 2024 U.S. Dist. LEXIS 26319, *13 (N.D. Ill., Feb. 15, 2024), quoting *Manuel v. City of Joliet*, 580 U.S. 357, 367 (2017) (holding that in the context of malicious prosecution claims, courts consider whether probable cause existed at the time of charging, not at the time of arrest).

63. At the time of charging, and in the manner described above, Defendant Vecchio initiated and continued criminal proceedings against Plaintiff Bailey on the charge of unlawfully possessing and carrying of a firearm when, in fact, Defendant Vecchio knew that Plaintiff Bailey was duly licensed to possess and carry a firearm and had not committed the crime of unlawful possession or carrying of a firearm.

64. At the time that Defendant Vecchio commenced and continued criminal proceedings against Plaintiff Bailey, Defendant Vecchio knew, in fact, that Plaintiff Bailey had not committed the crime of unlawful possession or use of a firearm and Defendant Vecchio knew that he lacked probable cause to commence and continue criminal proceedings on that charge (i.e. unlawful use and possession of a firearm) and did so with malicious intent against Plaintiff Bailey.

65. The state court criminal proceedings that Defendant Vecchio commenced and continued against Plaintiff Bailey terminated in favor of Plaintiff Bailey.

66. As a result of the state court criminal proceedings, Plaintiff Bailey suffered damages, including the confiscation of his firearm, being detained overnight in jail and compelled to appear in multiple hearings in the Circuit Court of Cook County, and paying out-of-pocket expenses to hire a lawyer to defend him against the false criminal charges initiated by Defendant Vecchio.

**WHEREFORE**, Plaintiff Martin Bailey prays that the Court enter judgment for him and against Defendant Officer J. Vecchio, Star No. 14469, and award Plaintiff compensatory damages, punitive damages, and reasonable attorney's fees sufficient to compensate Plaintiff for his injuries.

### COUNT II
### 42 U.S.C. §1983 – Fourth Amendment Malicious Prosecution (*Thompson v. Clark* and *Amos v. City of Chicago*)
Against Defendant Joseph D. Vecchio, Star No. 14469 – for the charge of unlawful possession of a firearm by Plaintiff Martin Bailey initiated before the City of Chicago Office of Administrative Hearings

67. Each of the foregoing paragraphs are incorporated as if restated fully herein.

68. The injury of federal malicious prosecution can occur when "the legal process itself goes wrong – when, for example, a judge's probable cause determination is predicated solely on a police officer's false statements." *Amos v. City of Chicago*, Case No. 22 C 1564, 2024 U.S. Dist. LEXIS 26319, *13 (N.D. Ill., Feb. 15, 2024), quoting *Manuel v. City of Joliet*, 580 U.S. 357, 367 (2017) (holding that in the context of malicious prosecution claims, courts consider whether probable cause existed at the time of charging, not at the time of arrest).

69. In the manner described above, Defendant Vecchio initiated and continued municipal forfeiture proceedings against Plaintiff Bailey, claiming that Bailey's automobile had been used in the commission of a crime – i.e., the charge of unlawful use of a weapon -- when, in fact, Defendant Vecchio knew that Plaintiff Bailey was duly licensed to possess and carry a firearm and had not committed the crime of unlawful possession or carrying of a firearm.

70. Additionally, the subsequent tow and impoundment of Plaintiff Bailey's automobile and initiation of administrative violation proceedings before the City of Chicago Department of Administrative Hearings was due to the knowingly false allegations of Defendant Vecchio that Plaintiff Bailey was not lawfully licensed to possess and carry a firearm.

71. Defendant Vecchio commenced this municipal proceeding against Plaintiff Bailey knowing for a fact that he had not committed the charged offense – unlawful use or possession of a firearm – and initiated those proceedings with malice against Plaintiff Bailey.

72. On June 1, 2023, City of Chicago Administrative Law Judge Yolaine Dauphin issued a finding, decision and order that Plaintiff Bailey had **not** violated Section 8-20-070 (unlawful firearm – vehicle impoundment) finding that Plaintiff Bailey was **not** liable because the City of Chicago had failed to prove by a preponderance of the evidence that Plaintiff Bailey was unlawfully in possession of a firearm. That finding was consistent with the fact that Plaintiff Bailey was, in fact, lawfully licensed to possess and carry a firearm.

73. As a result of this misconduct, Plaintiff Bailey was injured, including a loss of his liberty, a loss of his property (to wit, his automobile and firearm), suffered garden variety emotional distress, incurred legal expenses in relation to his underlying criminal proceeding.

**WHEREFORE**, Plaintiff Martin Bailey prays that the Court enter judgment for him and against Defendant Officer J. Vecchio, Star No. 14469, and award Plaintiff compensatory damages, punitive damages, and reasonable attorney's fees sufficient to compensate Plaintiff for his injuries.

### COUNT III
### 42 U.S.C. §1983 – Violation of Second Amendment to the U.S. Constitution
Against Defendant Joseph D. Vecchio, Star No. 14469

74. Each of the foregoing paragraphs are incorporated as if restated fully herein.

75. Defendant Vecchio's statements/allegations/charges that Plaintiff Bailey was in unlawful possession of a firearm made in connection with the commencement and continuation of criminal proceeding in the Circuit Court of Cook County and/or the City of Chicago

Administrative proceeding, were demonstrably false because Defendant Officer J. Vecchio had actual knowledge Plaintiff Bailey was, in fact, duly licensed to possess and carry a firearm.

76. As a direct and proximate cause of Defendant Vecchio's statement/allegations/charges that Plaintiff Bailey was in unlawful possession of a firearm, Plaintiff was deprived of continued possession of his lawfully licensed firearm.

77. Defendant Officer J. Vecchio's actions alleged herein, were committed with the express intent of deliberately depriving Plaintiff Bailey of his right to bear arms, in violation of the Second Amendment to the United States Constitution, without legal justification.

**WHEREFORE**, Plaintiff prays that the Court enter judgment for him and against Defendants, and award Plaintiff compensatory damages, punitive damages, and reasonable attorney's fees sufficient to compensate Plaintiff for his injuries. Plaintiff will also, after presenting evidence of his lawful ownership of his firearm and continued unlawful possession by the Chicago Police Department of said firearm, request an order issued by the United States District Court for the Northern District of Illinois commanding the City of Chicago or any person acting under its direction and control, to return Plaintiff Martin Bailey's firearm to him.

## COUNT IV
### State Law Claim – Indemnification, 745 ILCS 10/9-102
Against Defendant City of Chicago

78. Each of the foregoing paragraphs are incorporated as if restated fully herein.

79. During the relevant times, the City of Chicago employed Defendant Joseph D. Vecchio, Star No. 14469.

80. The acts alleged herein were committed by Defendant Joseph D. Vecchio, Star No. 14469, as an agent for or in the scope of his employment with the City of Chicago.

81. Illinois law (745 ILCS § 10/9-102) provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

**WHEREFORE**, should Defendant Joseph D. Vecchio, Star No. 14469 be found liable on one or more of the claims set forth above, Plaintiff Martin Bailey prays that, pursuant to 745 ILCS 10/9- 102, the Defendant City of Chicago be held liable for and pay any judgment against said Defendant, as well as attorneys' fees and costs awarded, and for any additional relief this Court deems just and proper.

## JURY DEMAND

Plaintiff Martin Bailey hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

**DATE:** June 4, 2024

**PLAINTIFF MARTIN BAILEY**

/s/ *Devlin Joseph Schoop*
Counsel for Plaintiff Martin Bailey

Devlin Joseph Schoop
**HENDERSON PARKS, LLC**
140 South Dearborn, Suite 1020
Chicago, IL 60603
Phone: (312) 262-2900
Facsimile: (312) 262-2901
dschoop@henderson-parks.com